# FEERICK NUGENT MacCARTNEY PLLC
## ATTORNEYS AT LAW

DONALD J. FEERICK, JR.
BRIAN D. NUGENT*
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

OF COUNSEL
DONALD J. ROSS
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

ROCKLAND COUNTY OFFICE
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000  FAX. 845-353-2789

ORANGE COUNTY OFFICE
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
*(Not for service of papers)*

www.fnmlawfirm.com

*All correspondence must be sent to Rockland County Office*

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
JOHN J. KOLESAR III
PATRICK J. McGORMAN

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

May 22, 2019

<u>*Via ECF & Facsimile 914-390-4179*</u>
Honorable Nelson S. Román, U.S.D.J.
U.S District Court for the S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

**UPDATED REQUEST LETTER**

Re: <u>Citizens United To Protect Our Neighborhoods, Hilda Kogut, Robert Asselbergs, and Carole Goodman v. Village of Chestnut Ridge</u>, Case 7:19-cv-03461

Dear Judge Román:

We represent the Village of Chestnut Ridge, New York (the "Village"), the Defendant in the above-referenced action. We respectfully re-request a pre-motion conference to address the Village's desire to file a motion to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), which issue went unaddressed when, earlier today, Hon. Kenneth M. Karas, U.S.D.J., denied the Village's letter motion to relate this case with Case 7:19-cv-00443 (KMK). The Complaint is filed at ECF Docket No. 1.

## **BACKGROUND AND CONCURRENT STATE COURT CASE**

Plaintiffs' Complaint alleges one cause of action seeking a declaration that the Village's newly adopted Local Law #1 of 2019 (the "New Local Law")[1] violates the Establishment Clause, and further seeks, upon such declaration, to enjoin enforcement of the New Local Law.

The New Local Law resulted from a two year process conducted pursuant to Article 7 of the N.Y. Village Law and Article XVII of the Village's Zoning Law. The New Local Law sets forth a three-tiered system that allows religious gatherings of various sizes in residential neighborhoods, inclusive of existing single family homes, under certain conditions. It permits and extends religious gatherings of various sizes into non-residential districts also under certain conditions. It is facially neutral, does not favor or endorse any religion over another, and applies to all religions equally.

---

[1] A copy of the Local Law and enabling Resolution are publically available on the Village's website, at http://www.chestnutridgevillage.org/Village%20info/boardactions.htm, and are not produced herein due to the three (3) page limit of submission.

Plaintiffs previously commenced a CPLR Article 78 proceeding against the Village in State Court challenging the New Local Law and seeking, *inter alia*, declaratory relief to render the New Local Law null, void, and unenforceable. See, Complaint (Dkt. No. 1) at ¶109; Hilda Kogut, Robert Asselbergs, and Magali Dupuy v. Village of Chestnut Ridge, et al., 031506/2019 (N.Y. Sup. Ct. Rockland County). The Article 78 proceeding is fully submitted and awaiting decision.

While Plaintiffs' Complaint, at ¶109, casts the 242-paragraph, 64-page Article 78 proceeding as limited to a SEQRA dispute, a comparison of the Federal Complaint and the State Court Petition ("SCP") reveals both contain common facts, legal allegations, and relief to render the New Local Law null, void, and unenforceable. Compare, e.g., Federal Compl. at ¶¶23-30 with SCP at ¶¶5, 91, 93-94 (alleging lack of comprehensive plan); Federal Compl. at ¶¶64-69 with SCP at ¶¶63-71 (allegations regarding Village Planning Board May 29, 2018 Memorandum); Federal Compl. at ¶¶70-75 with SCP at ¶¶74-79 (allegations regarding June 28, 2018 public hearing); Federal Compl. at ¶¶76-79 with SCP at ¶¶80-81 (allegations regarding July 24, 2018 continuation of public hearing); Federal Compl. at ¶¶85-86 with SCP at ¶¶95-110 (allegations regarding January 15, 2019 public hearing); Federal Compl. at ¶¶87- 92 with SCP at ¶¶36-40 (allegations regarding introduction of what developed into New Local Law); Federal Compl. at ¶¶93-97 with SCP at ¶¶41-45 (allegations regarding content of New Local Law); Federal Compl. at Wherefore Clause (seeking declaration that New Local Law violates Constitution and enjoining enforcement) with SCP at Wherefore Clause (seeking declaration New Local Law is null and void).

This commonality is explicit in the following legal excerpts from the State Court Petition at ¶12: "[t]he subject matter of the instant litigation is one that could not be nearer or dearer – or perhaps more emotionally fraught – to a citizen of the United States: the issue of religion and the freedom to worship as one pleases"; at ¶18: "Village has produced a local law which is *void ab initio*, and has profoundly failed in its primary function: to represent the interests of all of the residents ..."; at ¶76: referring to Constitutional, Federal and State rights to religious worship and arguing that "the rights of those who wish to worship in a particular way do not trump the needs of everyone else."); at ¶92: referring to First Amendment concerns; and at n.19: "emphasiz[ing] that RLUIPA does not mandate the passage of the House of Worship Law...."

In the State Court Petition, at ¶ 5, n.13, Plaintiffs' expert planner, Alan Sorensen, admits: "Clearly there's a need for accommodation somewhere in the Village for places of worship. I don't question that whatsoever." (Citing 6/28/18 Public Hearing Transcript at 28). Given Plaintiff's position that "places of worship must be accommodated within the Village", the dispute boils down to a difference of opinion as to what that accommodation should consist of, which will be resolved in State Court should the New Local Law withstand Article 78 challenge.

## **DISMISSAL IS WARRANTED UNDER RULES 12(B)(1) AND (6)**

Dismissal is warranted on several grounds. First, abstention warrants dismissal or, at the very least, a stay until a final non-appealable judgment is rendered in State Court pursuant to Wilton/Brillhart or another applicable abstention doctrine. Dittmer v. Cty. of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) ("To avoid wasteful and duplicative litigation, district courts may often

dismiss declaratory judgment actions where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.") (quotations omitted).

Second, even if Plaintiffs' have Article III standing to bring this facial challenge, a "facial challenge to a legislative [enactment] is, of course, the most difficult challenge to mount successfully" and will only succeed if a litigant can "establish that no set of circumstances exists under which the [enactment] would be valid." U.S. v. Salerno, 481 U.S. 739, 745 (1987). Plaintiffs cannot satisfy this standard where their allegation that the New Local Law favors religious use over secular use is unsupported by the New Local Law's text.

In this regard, Plaintiffs' Complaint ignores their own admission "that places of worship must be accommodated within the Village" to assert conclusory allegations that the New Local Law was collusively engineered to favor one religion. Even if the New Local Law is deemed to "accommodate" religion in some respect, in no manner does it discriminate between religion and non-religion, or otherwise sponsor, advance, or inhibit religion in its primary effect so as to violate the Establishment Clause. It is well-settled law "that the government may (and must) accommodate religious practices and may do so without violating the Establishment Clause." Corp. of Presiding Bishop v. Amos, 483 U.S. 327, 3334 (1987); see also Wisconsin v. Yoder, 406 U.S. 205 (1972) (exemption of Amish children from compulsory attendance at high school); Walz v. Tax Comm'n, 397 U.S. 664 (1970) (tax exemption for churches); Berkowitz v. E. Ramapo Cent. Sch. Dist., 932 F. Supp. 2d 513, 532–33 (S.D.N.Y. 2013) (paid days off from work for religious observance); Town of Greece v. Galloway, 134 S. Ct. 1811 (2014) (opening prayer at town council meetings). Of course, total separation of church and state is not mandated by the constitution, nor would it be possible, since "[s]ome relationship between government and religious organizations is inevitable". Lemon v. Kurtzman, 403 U.S. 602, 614 (1971).

Third, to the extent Plaintiffs allege "excessive entanglement" via undocumented meetings and refer to the Village's response to FOIL requests (see Federal Compl. at ¶¶52-53), the Open Meetings Law could have offered Plaintiffs a State Law remedy. Schuloff v. Fields, 950 F. Supp. 66, 67–68 (E.D.N.Y. 1997) (dismissing First Amendment and state law claim where "[t]he appropriate vehicle for challenging denials of access guaranteed by the [] Freedom of Information law is a state court proceeding pursuant to [] Article 78 upon exhaustion of administrative remedies") (citations omitted). Plaintiffs have not exhausted available state law remedies, but skipped them. Accordingly, permission to make a motion to dismiss is sought.

Respectfully submitted,

FEERICK NUGENT MacCARTNEY PLLC

By: _____
Donald J. Feerick, Jr.
Patrick A. Knowles

cc: All Counsel via ECF