

September 23, 2019

**VIA ECF**

**Michael B. de Leeuw**
Direct Phone   212-908-1331
Direct Fax      646-461-2090
mdeleeuw@cozen.com

Honorable Nelson S. Román, U.S.D.J.
U.S. District Court for the S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

Re:   <u>Citizens United to Protect Our Neighborhoods, Hilda Kogut, Robert Asselbergs and Carole Goodman v. Village of Chestnut Ridge, New York, Case 7:19-cv-03461</u>

Dear Judge Román:

Plaintiffs are refiling their opposition letter originally filed June 20, 2019.

Under Your Honor's Individual Practices in Civil Cases 3(A)(ii), Plaintiffs Citizens United to Protect Our Neighborhoods ("**CUPON**"), Hilda Kogut, Robert Asselbergs, and Carole Goodman, respectfully submit this letter in response and opposition to Congregation Birchas Yitzchok, Congregation Dexter Park, Congregation Torah U'Tfilla, the Orthodox Jewish Coalition of Chestnut Ridge (the "**OJC**"), and Agudath Israel of America Inc.'s (collectively, the "**Proposed Intervenors**") pre-motion letter seeking permission to file a motion to intervene in the above-captioned action (the "**Action**").  Proposed Intervenors' request should be denied because none of the bases that Proposed Intervenors provide warrants intervention in this Action.

## Background

This Action involves allegations that Defendant, the Village of Chestnut Ridge (the "**Village**") violated one of the fundamental mandates under the Constitution: that the government "shall make no law respecting an establishment of religion."  Plaintiffs seek declaratory and injunctive relief that Defendant's new zoning law—enacted as part of Defendant's efforts to provide significant promotion, endorsement, and reinforcement to a single religious organization, the OJC—violates the Establishment Clause.  As Plaintiffs have already successfully argued to Judge Karas (in opposing the Proposed Intervenors' attempt to consolidate), the factual and legal issues presented in this Action are entirely different from those in the unrelated action between Proposed Intervenors and the Village regarding the now-defunct, prior zoning laws.  (*See* Doc. 13).  In moving to intervene, the Proposed Intervenors are seeking a second bite at the apple of their failed consolidation motion.

## Proposed Intervenors' Request for a Pre-Motion Conference Should be Denied

The Proposed Intervenors should not be allowed to intervene in this matter.  They are clearly neither proper plaintiffs nor defendants in this Action, which does not raise any of the issues raised in the case before Judge Karas.  "An application for permissive intervention requires the court to consider 'substantially the same factors' as does an application for intervention as of right."  *United States v. City of New York*, No. 07-cv-2067 (NGG), 2007 U.S. Dist. LEXIS 65668, at *17 (E.D.N.Y. Sept. 5, 2007) (*quoting In re Bank of N.Y. Derivative Litigation*, 320 F.3d 291,

Honorable Nelson S. Román, U.S.D.J.
September 23, 2019
Page 2

---

300 & n. 5 (2d Cir. 2003)).  Relevant factors include the "nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by the [existing] parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal question presented."  *H.L. Hayden Co. v. Siemens Medical Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (internal quotations omitted).  A motion for permissive intervention should be denied where the intervention will "prejudice the adjudication of the original parties' rights."  FED. R. CIV. PRO. 24(b)(3).  Here, the Proposed Intervenors have no compelling story on any of those factors.

Proposed Intervenors' face dismissal of their own collusive lawsuit with Defendant Village for mootness, and now—after having lost their motion to consolidate—they are improperly seeking to intervene in this Action.  (*See* Doc. 13).  Critically, Proposed Intervenors cannot meet their burden of showing that Defendant does not adequately represent their interests in this Action.  The Defendant Village has made clear that it intends to defend the constitutionality of its own enactment.  And the Defendant Village is clearly the proper party to litigate this issue.  *United States v. City of New York*, at *10 (finding that the burden is "more rigorous if the proposed intervenor and an existing party share the same ultimate objective"); *E. End Eruv Ass'n v. Town of Southampton*, No. cv-13-4810 (AKT), 2014 U.S. Dist. LEXIS 134743, at *18-19 (E.D.N.Y. Sept. 24, 2014) (denying motion to intervene in an Establishment Clause suit because defendant-town adequately protected the movant's interests where it expressed its "desire to move to dismiss the action," despite that movant had a different motive in opposing plaintiffs' action).

Proposed Intervenors offer only a cursory statement about what unique factual arguments they would offer that would help adjudicate these proceedings.  And, "[g]iven the narrow focus of this suit," there is absolutely no reason to believe that the Proposed Intervenors' presence in this Action would "further illuminate any issues of fact or law."  *See United States v. City of New York*, 179 F.R.D. 373, 381 (E.D.N.Y. 1998) (denying permissive intervention where "the claimed interests of the proposed intervenors, although broadly related to the subject matter of [the] action, are extraneous to the issues before the court"), *aff'd* 198 F.3d 360 (2d Cir. 1999).  This Action seeks to vindicate Plaintiffs' rights under the Establishment Clause.  Proposed Intervenors' characterization of the Action threatens to drag extraneous issues into the case relating to the Religious Land Use and Institutionalized Persons Act ("**RLUIPA**") as it pertains to the Village's prior zoning laws, thus expanding beyond the legal questions raised in the complaint and muddying what is a clear and focused issue.

Injecting third-party RLUIPA and religious liberty claims into an Establishment Clause dispute creates a risk of prejudice to Plaintiffs.  *Rector, Wardens, & Members of Vestry of St. Bartholomew's Church v. New York*, 914 F.2d 348 (2d Cir. 1990) (in Establishment Clause action, it was "eminently reasonable to conclude that intervention would only complicate the litigation," causing undue delay and prejudice to the rights of the original parties).  And even if the Proposed Intervenors were not allowed to drag their RLUIPA claims into this Action, they would—at best—merely duplicate representation, "without providing any corresponding benefit" to the resolution of this Action.  *Wells Fargo Bank, N.A. v. Wales LLC*, No. 13-civ-6781 (PGG), 2014 U.S. Dist. LEXIS 132192 (S.D.N.Y. Sept. 18, 2014).  The addition of five parties, ostensibly as defendants (even though they would not be proper defendants), would clearly have an adverse, prejudicial impact on the existing parties in this Action, particularly the Plaintiffs.  *See Kitzmiller v. Dover Area Sch. Dist.*, No. 04-cv-2688, 2005 U.S. Dist. LEXIS 3693, at *22-24 (M.D. Pa. Mar. 10, 2005) (denying motion to intervene in Establishment Clause suit, noting the potentially adverse impact on existing parties from the exposure to fees and costs: "We find it impossible to believe that the participation of six additional defendants will not increase, potentially in a substantial fashion,

Honorable Nelson S. Román, U.S.D.J.
September 23, 2019
Page 3

---

discovery requests, depositions, discovery costs, pretrial work, the length of trial, and the extent of post-trial motions"); *Ingebretsen v. Jackson Pub. Sch. Dist.*, 864 F. Supp. 1473, 1485 (S.D. Miss. 1994) ("Additional parties always take additional time.  Even if they have no witnesses of their own, they are the sources of additional questions, briefs, arguments, motions and the like which tend to make the proceedings a Donnybrook Fair") (internal citations omitted).

       The Proposed Intervenors have offered no good reason to allow them to intervene in this Action, they do not meet the standard for doing so in this Court and this Circuit, and Plaintiffs respectfully submit that there is therefore no reason to allow Proposed Intervenors to go forward with a motion to intervene.

                              Respectfully submitted,

                              COZEN O'CONNOR


                              By:    s/Michael B. de Leeuw

                              MBD